FILED
SUPERIOR COURT
OF GUAM

2023 OCT 30 AM 9: 16

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| EUGENE IGROS, ET AL., | **Special Proceedings Case No. SP0127-20** |
| Petitioners, | **SP0129-20** |
| | **SP0132-20** |
| vs. | **SP0134-20** |
| | **SP0138-20** |
| DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES; | |
| | **DECISION AND ORDER REGARDING ATTORNEY'S FEES** |
| GOVERNMENT OF GUAM, | |
| Respondents. | |
| And Related Cases Concerning Government Quarantine. | |

This Decision and Order addresses the remaining issue for those litigants who underwent government quarantine in the fall of 2020–whether they are entitled to attorney's fees in light of the Guam Supreme Court's ruling that section 19605 of the Emergency Health Powers Act is inorganic. After this Court disposed of a majority of the cases filed by quarantined individuals, five litigants or groups of litigants who retained private attorneys continue to seek relief in the form of attorney's fees: the Igros family (SP0127-20) and Janella Cruz (SP0129-20), represented by Attorney Rachel Taimanao-Ayuyu, and Roque Martinez (SP0132-20), Trevin Jones (SP0134-20), and the Ikei family (SP0138-20), represented by Attorney Jacqueline Terlaje. Based on the Petitioners' failure to provide a legal basis entitling them to attorney's fees, the Court DENIES their requests for further relief.

ORIGINAL

## I.    **FACTUAL AND PROCEDURAL BACKGROUND**

This Court previously held that Petitioners were entitled to attorney's fees based on 10 GCA § 19605(c)(2), (e). Dec. & Order re Mot. Reconsideration & Appl. Att'y Fees at 17 (April 29, 2021). The Court also reviewed equitable theories for granting attorney's fees and determined that the substantial benefit doctrine did not apply; declined to adopt the private attorney general doctrine absent further guidance from the Guam Supreme Court; and did not find it necessary to rely on other equitable or bad faith exceptions as it had already found section 19605 allowed for attorney's fees. *Id.* at 20, 23, 25. Before this Court could set the amount of the fees award, Respondents appealed this Court's ruling. The Guam Supreme Court dismissed the appeal on ripeness grounds. *Igros v. DPHSS et al.*, CVA21-006 (Order (Aug. 2, 2022)).

In the interim, on a request for a declaratory judgment from the Governor of Guam, the Guam Supreme Court reviewed section 19605 and found it to be inorganic. *In re Leon Guerrero*, 2021 Guam 6. The Guam Supreme Court specifically examined section 19605(e)(1), which allows the appointment of counsel at government expense. The court construed section 19605 as a substantive statutory provision that violates the separation of powers doctrine. *Id.* ¶¶ 49-50.

After Respondents' appeal in this case was dismissed, the matter returned to this Court to finalize the issue of attorney's fees. The Court set a further proceedings hearing to determine the next steps in light of *In re Leon Guerrero*. Not. Hearing (Feb. 27, 2023). During the hearing, the Igroses and Cruz argued that the Court should revisit the equitable bases for attorney's fees and requested an opportunity to provide further briefing; Respondents did not object. *Id.* The Court therefore allowed the parties to submit supplemental briefs. Order Setting Briefing Schedule (Mar. 13, 2023).

ORIGINAL

The Igroses and Cruz's brief argues that the Court should consider the private attorney general doctrine, bad faith equitable doctrines, and 7 GCA § 31212. Memo. Appl. Att'y Fees at 2 (Apr. 26, 2023). They contend that their writs petitioned for relief based on 7 GCA §§ 31201, 31202, and 31204, and they are therefore entitled to attorney's fees pursuant to the corresponding section 31212. Section 31212 is raised for the first time as a basis for attorney's fees in this round of briefing. The Ikei family, Martinez, and Jones' brief focused on the reasonableness of their requested attorney's fees and continued to assert an entitlement to fees under section 19605 and also "in equity." Pet. Briefing Att'y Fees at 3 (Apr. 25, 2023).

Respondents did not file a substantive response to Petitioners' filings. Resp. Response on Att'y Fees (June 19, 2023). Despite their indication at the hearing that they intended to dispute the parties' entitlement to attorney's fees, Respondents' twelve-line Response makes no arguments and provides no law regarding Petitioners' entitlement to attorney's fees. *Id.* Respondents limited their response to contesting the reasonableness of the $400 hourly rate used by the Ikeis, Martinez, and Jones' attorney. *Id.*

## II.    LAW AND DISCUSSION

In recognizing that the Guam Supreme Court has ruled section 19605 to be inorganic, the Court must reexamine the legal basis, if any, upon which Petitioners may be awarded attorney's fees. The Court now reviews the four bases argued by Petitioners as allowing an attorney's fees grant: 10 GCA § 19605(e), 7 GCA § 31212, the private attorney general doctrine, and bad faith equitable doctrines.[1]

---

[1] In Its April 29, 2021 Decision and Order, the Court discussed the potential applicability of relief under the Eleventh Amendment of the U.S. Constitution. None of the Respondents briefed this issue, which the Court construes as a waiver.

ORIGINAL

### A. 10 GCA § 19605(e)

The Ikeis, Martinez, and Jones continue to argue that they are entitled to attorney's fees based on section 19605; however, having been ruled as inorganic, that doctrine can no longer provide the basis for attorney's fees.

### B. 7 GCA § 31212

Second, the Igroses and Cruz cite section 31212–a statute addressing damages associated with Writ of Mandate cases. However, the Igroses and Cruz filed petitions for Writs of Habeas Corpus under 8 GCA § 135.10–not petitions for Writs of Mandate under Title 7, Chapter 31 of the Guam Code, and whose recovery of damages provision is 7 GCA § 31212. Moreover, although the Igroses and Cruz state that they filed their Petition under Title 7, Chapter 31, their petitions states that they seek a Writ of Habeas Corpus—not a Writ of Mandate—and do not provide any citations to Title 7, Chapter 31. Therefore, the Court finds that section 31212 cannot provide relief for the Igroses and Cruz as they filed their Petition based on another statute.[2]

### C. Private Attorney General Doctrine and Bad Faith Equitable Doctrines

Finally, the Court declines to reassess the applicability of the substantial benefit doctrine and private attorney general doctrine. In its April 29, 2021 Decision and Order, the Court held that the substantial benefit doctrine did not apply to this case. Similarly, the Court declined to apply the private attorney general doctrine without further guidance from the Guam Supreme Court. That remains the Court's position.

---

[2] They also have not provided authority by which the Court can construe their petitions under 8 GCA § 135.10 under other statutory authorities.

ORIGINAL

## III.    CONCLUSION AND ORDER

The Court DENIES the Igroses, Cruz, Martinez, Jones, and Ikeis' requests for attorney's fees as they have not provided a sufficient legal basis for such a grant. Judgments shall issue in each case.

**SO ORDERED** this 27th October 2023.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

Appearing Attorneys:
Jacqueline T. Terlaje, Esq., Law Office of Jacqueline T. Terlaje, P.C., for Petitioners Roque
        Martinez, Trevin Jones, and the Ikei Family
Rachel Taimanao-Ayuyu, Esq., Law Office of Rachel Taimanao-Ayuyu, for Petitioners the Igros
        Family and Janella Cruz
Office of the Attorney General, for Respondents Department of Public Health and Social
        Services, Government of Guam

ORIGINAL